IN THE COURT OF CRIMINAL
APPEALS

                                   OF TEXAS

 

                                                                NO. AP-75,171



 

 

                                 EX
PARTE JOE FRANK GONERWAY, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                      FROM
GREGG COUNTY



 

 

Meyers,
J., delivered the opinion for a unanimous Court.

 

 








Applicant was convicted of assault on
a public servant and sentenced to ten years confinement.  He filed an application for a writ of habeas
corpus claiming that the indictment was invalid or defective, that he received
ineffective assistance of counsel, and that the Board of Pardons and Paroles
improperly withdrew his release to mandatory supervision.  However, the initial copy of the application
received by this Court included only the pages of the form containing the
ineffective assistance of counsel ground for relief, as well as a memorandum
from the Applicant in which he argued the invalid indictment and improper
withdrawal of release to mandatory supervision claims.  The pages containing these complaints as
separate grounds for relief were missing. 
We filed and set this case on May 17, 2005 to determine whether
Applicant=s improper withdrawal of release to
mandatory supervision complaint should be considered even though it was not
properly listed in the Article 11.07 Application for a Writ of Habeas Corpus
form.  At that time, the Court was
unaware that the Applicant had indeed filed a complete application, but the
pages were simply missing from the file received by the Court and the error was
not the fault of the Applicant.  The
Court subsequently received the missing pages, making the issue on which we
filed and set this case moot.  In
addition, the improper withdrawal of release to mandatory supervision claim is
now moot as Applicant has already been released to mandatory supervision.  

The application is therefore
dismissed as moot.

Meyers, J.

 

Delivered: December 14, 2005

Do Not Publish